IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| BMO BANK, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-01089-STA-jay |
| | ) | |
| LEN SNYDER TRUCKING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff BMO Bank, N.A. ("BMO") seeks a default judgment against Defendant Len Snyder Trucking, LLC ("Snyder") (. (D.E. 13.) BMO's Motion for Default Judgment has been referred to the undersigned magistrate judge for report and recommendation. (D.E. 14.) The undersigned finds that BMO is entitled to default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and recommends that the Motion be GRANTED.

## I.    **BACKGROUND**

BMO is a national banking association with its main office located in Illinois that made three secured loans to Snyder, a Tennessee limited liability company. On April 18, 2024, BMO filed this breach of contract suit against Snyder alleging that Snyder defaulted on the loans by failing to make the agreed upon payments. (D.E. 1.) Snyder was served with a Summons and Complaint on May 2, 2024. (D.E. 8.) BMO moved for an entry of default on July 5, 2024. (D.E. 10.) Its motion was accompanied by an affidavit stating that Snyder was served with a copy of the Summons and Complaint and that Snyder has not filed or served an answer. (*Id.* at 10-1.) The Clerk of Court entered default on July 8, 2024. (D.E. 11.)

BMO filed the present Motion for Default Judgment on July 31, 2024. (D.E. 13.) A hearing on BMO's Motion was set for September 11, 2024. Notice was mailed to Snyder. (D.E. 15.) At the September 11, 2024, hearing, counsel for BMO appeared telephonically and no representative appeared on behalf of Snyder. (D.E. 16.) BMO's Motion was taken under advisement for report and recommendation.

## II.    ANALYSIS

### A.  Facts Supporting Entry of Default

Default entry by the Clerk, under Rule 55(a), necessarily precedes default judgment application under Rule 55(b). *See, e.g., O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d. 345, 352 (6th Cir. 2003). A defaulting party effectively admits all well-pleaded allegations in the Complaint. *Visioneering Construction v. U.S. Fidelity and Guaranty*, 661 F.2d 119, 124 (6th Cir. 1981) ("Once a default is entered against a defendant, that party is deemed to have admitted all of the well pleaded allegations in the Complaint, including jurisdictional averments."). The Court, however, accepting the non-defaulting party's account of events, must ensure that allegations establish the defaulting parties' liability. *Anderson v. Johnson*, 194 F.3d 1311 (Table), 1999 WL 1023753, at *2 (6th Cir. Nov. 4, 1999).

Here, BMO alleges the following factual basis to establish that Snyder is in breach of contract: On April 2, 2021, BMO entered into a Loan and Security Agreement with Snyder ("the First Agreement") wherein BMO financed Snyder's purchase of equipment and Snyder agreed to repay the financed amount, including interest. BMO financed Snyder's purchase as agreed upon and Snyder began making monthly payments as agreed. On May 9, 2022, BMO and Snyder entered in another Loan and Security Agreement ("the Second Agreement") wherein BMO financed Snyder's purchase of equipment and Snyder agreed to repay the financed amount, including

interest. BMO financed Snyder's purchase as agreed upon and Snyder began making monthly payments as agreed. On August 17, 2022, BMO and Snyder entered into a third Loan and Security Agreement ("the Third Agreement") wherein BMO financed Snyder's purchase of equipment and Snyder agreed to repay the financed amount, including interest. BMO financed Snyder's purchase as agreed upon and Snyder began making monthly payments as agreed. The property Snyder purchased through BMO's financing was secured as collateral to each respective loan. In September of 2023, Snyder failed to make the agreed upon payments and became in default of all three Agreements. BMO contends that as of January 31, 2024, the amount due under the Agreements, including accrued interest and fees, but excluding attorney's fees and costs or the cost of collection is $413,441.86.

The Court has subject-matter jurisdiction by virtue of the parties' diversity of citizenship and the amount in controversy. 28 U.S.C. § 1332. A federal court sitting in diversity applies the law of the forum state, including the forum's choice-of-law rules. *Atl. Marine Constr. Co. Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 134 S. Ct. 568, 582, 187 L.Ed.2d 487 (2013); *Standard Fire Ins. Co. v. Ford Motor Co.*, 723 F.3d 690, 692 (6th Cir. 2013). In contract cases, Tennessee follows the rule of *lex loci contractus*, meaning that "a contract is presumed to be governed by the law of the jurisdiction in which it was executed absent a contrary intent," such as a valid contractual choice-of-law provision. *See Texas Inns, Inc. v. Prime Hospitality Corp.*, 462 F.3d 666, 672 (6th Cir. 2006) (applying Tennessee law); *Ohio Cas. Ins. Co. v. Travelers Indem. Co.*, 493 S.W.2d 465, 467 (Tenn. 1973). The Agreements in this case provide that the substantive law of Illinois is to be applied in this breach of contract claim.

Under Illinois law, the elements of a breach of contract claim are "(i) the existence of a valid and enforceable contract, (ii) performance by the plaintiff, (iii) breach of the contract by the

defendant, and (iv) [a] resultant injury to the plaintiff." *Babbitt Municipalities, Inc. v. Health Care Serv. Corp.*, 64 N.E.3d 1178, 1186 (Ill. App. Ct. 2016) (quotation marks and citation omitted). Here, BMO's allegations in the Complaint establishes that Snyder has breached all three Agreements under Illinois law.

Despite the liability being established by the pleadings, the decision to grant default judgment is still a matter of Court discretion. *Riding Films, Inc. v. John Does 129-193*, 2015 WL 127912, at *1 (S.D. Ohio Jan. 8, 2015), *report and recommendation adopted*, 2015 WL 574277 (S.D. Ohio Feb. 11, 2015). In making such a determination, the Court considers the relevant factors noted by the Sixth Circuit, specifically:

1) possible prejudice to the plaintiff;

2) the merits of the claims;

3) the sufficiency of the complaint;

4) the amount of money at stake;

5) possible disputed material facts;

6) whether the default was due to excusable neglect; and

7) the preference for decisions on the merits.

*Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002) (citation omitted).

Considering the factors set forth above, the Court recommends that BMO's Motion for Default Judgment against Snyder be GRANTED. The Complaint's allegations, and supporting exhibits, establish that Snyder is in breach of contract of the three Agreements entered into with BMO. The merits of BMO's claims, the amount of money at stake, Snyder's failure to respond to this lawsuit in any way, and Snyder's failure to appear at the default judgment hearing held on September 11, 2024, all justify a default judgment. Any alternative remedy would prejudice BMO.

B. <u>Relief Sought</u>

The Court finds an evidentiary hearing unnecessary. *See* FED. R. CIV. P. 55(b)(2); *See Vesligaj v. Peterson*, 331 F. App'x. 351, 355 (6th Cir. 2009) (noting that a hearing is required where it is needed "in order to ascertain the amount of damages with reasonable certainty[ ]"); *Joe Hand Promotions, Inc. v. RPM Mgmt. Co. LLC* 2011 WL 5389425, at *1 (S.D. Ohio Nov. 7, 2011) ("Although the court may conduct an evidentiary hearing to determine damages, an evidentiary hearing is not a prerequisite to the entry of default judgment if damages are contained in documentary evidence or detailed affidavits and can be ascertained on the record before the court.").

Turning to the damages, the Court recommends the damages BMO seeks be awarded. As an exhibit to its Motion for Default Judgment, BMO offers the Declaration of Debb White, a Litigation Specialist employed by BMO. (D.E. 13-1.) White avers that she has personal knowledge of the accounts BMO maintains with respect to Snyder. According to White's Declaration and the documents referenced therein, the Agreements contain an acceleration clause that permits BMO to accelerate any unpaid balances in the event of a default and demand payment in full. The Agreements further provide that Snyder is obligated to pay interest at the contract rate on any unpaid amounts under the contract and, in the event of an acceleration, Snyder is obligated to pay interest on at the rate of one and a half percent (1½%) per month. In addition, the Agreements provide that Snyder is obligated to pay late charges, other fees, and, in the event of a default, all expenses of taking, holding, preparing for sale, and selling the collateral. Finally, the Agreements provide the Snyder is obligated to pay the attorney's fees and costs incurred by BMO in the enforcement of its rights under the Agreement in the event of a default.

BMO exercised the acceleration clauses and the principal amount due and owing under the three Agreements, at the date of the acceleration, was $389,017.43. As of January 31, 2024, the amount due under the Agreements, including accrued interest and fees, but excluding attorney's fees and costs or the cost of collection is $413,441.86. Default interest accrues on the principal amount due and owing under the Agreements at the rate of $194.51 *per diem*.

### III.    <u>CONCLUSION</u>

For these reasons, it is RECOMMENDED that BMO's Motion for Default Judgment be GRANTED. It is further recommended that BMO be awarded damages in the amount of $413,441.68 as of January 31, 2024, with interest accruing thereon in the amount of $194.51 *per diem*, plus post-judgment interest. It is further recommended that BMO be awarded reasonable attorney's fees and costs as contemplated in the Agreements. In the event this Report and Recommendation is adopted, BMO should be ordered to file a fee petition within fourteen (14) days of the date of entry of the Court granting it default judgment.

The clerk is hereby ordered to provide a copy of this Report and Recommendation to the Defendant at the addresses identified on the Summons and the Proof of Service: 243 Cobb Road, Jackson, Tennessee 38305 and 25 Miss Abbey Lane, Counce, TN 38326.

Respectfully submitted, this the 16th day of September, 2024.

<u>s/Jon A. York</u>
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**